NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUCIA NOBILE, JOHN NOBINTON, DONNA BOWEN, Individually and on behalf of the class,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY,<br><br>Defendant. | Civil Action No.: 10-1890 (PGS)<br><br>OPINION |

This matter comes before the Court on two motions submitted by Defendant Ford Motor Company ("Defendant"). First, Defendant moves to dismiss the Complaint filed by Plaintiffs Lucia Nobile, John Robinton, and Donna Bowen (collectively "Plaintiffs") for failure to state a claim upon which relief can be granted. Second, Defendant moves to deny class certification.

Plaintiffs in this case suffered transmission malfunctions in their 2002 Ford Explorers. They claim that during the period of their express warranty, Defendant knew of the transmission problems, failed to reveal and correct the problems during the term of the warranty, and failed to cover the costs of problems that should have been corrected during the term of the warranty. Plaintiffs, individually and on behalf of a putative nationwide class, allege the following causes of action: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violation of the Magnuson-Moss Act, 15 U.S.C. § 2310(d)(1) (4); common law fraud; and (5) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.

I.  BACKGROUND

Plaintiffs purchased 2002 Ford Explorers ("Explorers") at an undisclosed time and place.[1] The 2002 model year Warranty Guide, authored by Ford, acknowledges that purchasers of Explorers are entitled to three express warranties: (1) a New Vehicle Limited Warranty, which provided owners with a three year or 36,000-mile bumper to bumper warranty; (2) a Safety Restraint System Warranty for five years or 50,000-miles; and (3) a Corrosion Warranty for five years, unlimited mileage. In addition, the Warranty Guide indicates that owners may be entitled to an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. However, the "implied warranties are limited, to the extent allowed by law, to the time period covered by the written warranties, or to the applicable time period provided by state law, whichever period is shorter." Warranties commence on the day that the Plaintiff took delivery of the car or placed the car into service, whichever occurred first.

Defendant advertised the Explorer's "features, safety, and reliability," including "the functionality of its transmission and related systems," but in reality, the transmissions had multiple defects. Due to improper and/or defective design or manufacture, there is "an abnormal and elevated rate of product problems and failure with the transmission." Plaintiffs complain that their Explorers have "had repeated transmission problems and issues, including impaired shifting ability." Consequently, the Explorers are dangerous and "transmission failure in traffic will endanger the owner, occupants, and occupants of other vehicles."

---

[1] Basic facts that would be integral to the disposition of the claims at issue in this case have not been plead. For example, the Complaint does not state where the three named Plaintiffs purchased their vehicle, the date on which the Plaintiffs purchased their vehicle, the date on which their transmission malfunctioned, or how their transmissions malfunctioned. *See Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 511 (D.N.J. 2008).

Instead of disclosing the problems, "Ford has proceeded to deny and/or conceal the problem and directed its dealers to provide deceptive, false, or misleading explanations for the failure to provide warranty coverage and reimbursement." In addition, Defendant failed "to reveal and disclose problems with the vehicles and arrange for appropriate recalls, bulletins, notification, and correction during the term of the warranty." If Defendant had "taken appropriate action within the term of its warranty when it knew of the problem of premature failure, plaintiffs and class members would not have later incurred the cost of required repairs." Plaintiffs have had to pay for repair and replacement of the transmission and other parts in their Explorers, they have lost use of their Explorers, and they have had to pay for rental vehicles during service of their Explorers.

## II.    STANDARD ON A MOTION TO DISMISS

The Court will first address Defendant's motion to dismiss. Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and draw all reasonable inferences in favor of the non-moving party. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard requires that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged" and demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 55 U.S. at 555).

When evaluating a motion to dismiss, "courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of the claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). "A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint." *Id.* The Court may properly consider Defendant's "2002 model year Warranty Guide," without converting the motion to dismiss into one for summary judgment, because it is integral to and expressly relied upon in Plaintiffs' Complaint. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). However, Plaintiffs' presentation of National Highway Traffic Safety Administration (NHTSA) defect records, NHTSA complaint records, and a comparison statistics of the number of transmission defects in Explorers versus other cars in its opposition to the motion may not be considered as such constitutes evidence outside the pleadings. *See McCalley v. Samsung Elec. Co. Ltd.*, No. 07-2141, 2008 U.S. Dist. LEXIS 28076, *9-10 (D.N.J. Mar. 31, 2008) (citation omitted).

## III. DISCUSSION

### A. Choice of Law

Plaintiffs allege that Plaintiffs Nobile and Robinton are "purchasers and owners of a 2002 Ford Explorer and are located in New Jersey." The Complaint does not specify, however, where either Plaintiff purchased their Explorers. Therefore, the Court will assume that Nobile and Robinton purchased their Explorers in New Jersey and that New Jersey law is applicable to their claim. Plaintiffs do not argue otherwise in their brief in opposition to the motion to dismiss. In regards to Plaintiff Bowen's claims, the Court is unable to conduct a choice of law analysis because Plaintiffs have not alleged where Plaintiff Bowen resides or where she purchased her Explorer.

4

### B. Plaintiffs' Express Warranty Claims

First, the Court finds that Plaintiffs' express warranty claims are time-barred. Under New Jersey law, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued"; however, "[b]y the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." N.J.S.A. § 12A:2-275(1). In addition, state law specifically provides that "[a] cause of action accrues when the breach occurs" and that "[a] breach of warranty occurs when tender of delivery is made . . . ." N.J.S.A. § 12A:2-275(2)-(3). Although Plaintiffs do not indicate which warranty applies to their transmission, it appears that the three-year New Vehicle Warranty would apply. It also appears that Defendants lawfully reduced the four-year statutory time period for warranties to three-years. However, regardless of whether the three-year time period set forth in the Warranty Guide is utilized or the four-year limitation period set forth in the statute applies, Plaintiffs express warranty claims are time-barred. For Plaintiffs to have a viable claim, they would have had to have received delivery of a new 2002 Ford Explorer after February 16, 2006. Such a conclusion is not logical. The breach of express warranty claims are time-barred.

Second, assuming *arguendo*, that Plaintiffs' breach of express warranty claims were not time-barred, they nevertheless must be dismissed because Plaintiffs failed to plead a viable breach of warranty claim. The Court of Appeals for the Third Circuit has held that "'latent defects discovered after the term of the warranty are not actionable.'" *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604, 616 (3d Cir. 1995) (quoting *Abraham v. Volkswagen of Am., Inc.*, 795 F.2d 238, 250 (2d Cir. 1986)). In addition, the Third Circuit has stated that "an express warranty does not cover repairs made after the applicable time . . . ha[s] elapsed." *Id.* "Rather, the case law almost uniformly

5

holds that time-limited warranties do not protect buyers against hidden defects which are typically not discovered until after the expiration of the warranty period." *Dewey*, 558 F. Supp. 2d at 518-19 (internal quotation marks and citations omitted).

Recently, the District Court in *Dewey v. Volkswagen AG*, granted a defendant's motion to dismiss a breach of express warranty claim under New Jersey law because the latent defects and malfunctions alleged did not occur until after expiration of the warranty period. 558 F. Supp. 2d at 518-20. The *Dewey* Court echoed the Second Circuit's reasoning in *Abraham v. Volkswagen of America, Inc. Id.* at 520 (citation omitted). In *Abraham*, the Second Circuit explained:

> [V]irtually all product failures discovered in automobiles after expiration of the warranty can be attributed to a "latent defect" that existed at the time of sale or during the term of the warranty. All parts will wear out sooner or later and thus have a limited effective life. Manufacturers always have knowledge regarding the effective life of particular parts and the likelihood of their failing within a particular period of time. Such knowledge is easily demonstrated by the fact that manufacturers must predict rates of failure of particular parts in order to price warranties and thus can always be said to "know" that many parts will fail after the warranty period has expired. A rule that would make failure of a part actionable based on such "knowledge" would render meaningless time/mileage limitations in warranty coverage.

*Abraham*, 795 F.2d at 250.

Plaintiffs' Complaint does not provide any dates on which Plaintiffs' transmissions malfunctioned, but the Complaint states that Defendant "failed to cover the costs of problems which should have been corrected during the warranty and ***then malfunctioned after its stated term***." The Complaint does not state that any of the named Plaintiffs suffered a transmission malfunction while they were covered by the express warranty or that they were not compensated for repairs made on their transmission while covered by the express warranty. Thus, Plaintiffs have conceded that the

malfunctions occurred after expiration of the warranty. Based on the case law discussed, the Court finds that Plaintiffs have failed to plead a claim for breach of an express warranty. The express warranty claims are dismissed.

### C. Plaintiffs' Implied Warranty of Merchantability Claims

New Jersey's four-year statute of limitation, which applies to Plaintiffs' express warranty claims also applies to Plaintiffs' implied warranty claims. *See* N.J.S.A. 12A:2-725. Thus, Plaintiffs' implied warranty of merchantability claims are time-barred for the same reason that the express warranty claims are time barred. Assuming *arguendo* that Plaintiffs' implied warranty claims were not time-barred, the claims must nevertheless fail because New Jersey's N.J.S.A. 12A:2-317 limits any implied warranty to the terms of an express warranty. *See* N.J.S.A. 12A:2-317 ("Warranties whether express or implied shall be construed as consistent with each other . . . ."). Further, the Warranty Guide expressly states that "implied warranties are limited . . . to the time period covered by the written warranties." Plaintiffs conceded that their transmissions malfunctioned after the expiration of the warranty period, therefore Plaintiffs have failed to state a claim upon which relief could be granted. *See McCalley v. Samsung Elecs. Am. Inc.*, No. 07-241, 2008 U.S. Dist. LEXIS 28076, *20 (D.N.J. Mar. 31, 2008) ("Plaintiff's breach of implied warranty claim fails because the duration of the implied warranty period is consistent with the express warranty period."); *see also N.J. Transit Corp. v. Harsco*, 497 F.3d 323, 324, 330 (3d Cir. 2007) (holding plaintiff could not "rely on the implied warranties of merchantability and fitness for a particular purpose to recover damages, where the contract's one-year express warranty had expired at the time of the loss"). The implied warranty claims are dismissed.

### D.  Plaintiffs' Magnuson-Moss Act Claims

"Magnuson-Moss claims based on breaches of express and implied warranties under state law depend upon those state law claims." *Cooper v. Samsung Elecs. Am., Inc.*, No. 08-4736, 2008 U.S. Dist. LEXIS 75810, *18 (D.N.J. Sept. 29, 2008). Because the Court has dismissed the express and implied warranty claims, the Magnuson-Moss Act claims must also be dismissed.

### E.  Plaintiffs' Fraud Claims[2]

#### 1.  Plaintiffs have not pled their common law fraud claim with particularity.

To state a claim for common law fraud under New Jersey Law, the "plaintiff must allege (1) a material misrepresentation of fact; (2) knowledge by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damage." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Common law fraud claims are subject to Fed. R. Civ. P. 9(b)'s heightened pleading requirements. *Id.* "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The requirements of Rule 9(b) are not satisfied unless the complaint "describes the alleged fraud with precise allegations of date, time, or place or by using some means of injecting precision and some

---

[2] Defendant argues that Plaintiffs' common law fraud claims and Consumer Fraud Act claims are time-barred by a six-year statute of limitation. Plaintiffs do not address Defendant's statute of limitation argument. New Jersey case law establishes the common law fraud claims and claims under the Consumer Fraud Acts are governed by the six-year statute of limitation set forth in N.J.S.A. § 2A:14-1. *See Kaufman v. I-Stat Corp.*, 165 N.J. 94, 127 (N.J. 2000); *Mirra v. Holland Am. Line*, 331 N.J. Super. 86, 90 (App. Div. 2000) ("[T]he statute of limitations that applies to consumer fraud claims is the same six-year general limitation contained in N.J.S.A. 2A:14-1."). Therefore, because it is unlikely that Plaintiffs bought their 2002 Explorers after February 16, 2004, Plaintiffs claims are time-barred.

measure of substantiation into their allegations of fraud." *Bd. of Trs. of Teamsters Local 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 173 n. 10 (3d Cir. 2002).

Plaintiffs make two allegations of fraud: (1) "Defendant has failed to truthfully disclose the nature, cause, and extent of transmission problems, and instead provided, false, deceptive, or misleading information"; and (2) "The conduct set forth herein constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, and the knowing concealment, suppression of a material fact with intent that plaintiff and members of the class upon such concealment, suppression, or omission and otherwise violates 56:8-2." The Court concludes that Plaintiffs' allegations are too generalized and do not meet Rule 9(b)'s pleading requirements. Plaintiffs fail to indicate not only the date, time, and place of the alleged fraud or misrepresentation, but also fail to provide an example of Defendant's "false, deceptive, or misleading information." *See Frederico*, 507 F.3d at 200; *see also Lum v. Bank of Am.*, 361 F.3d 217, 223-24 (3d Cir. 2004) ("Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation."); *Klein v. Gen. Nutrition Cos. Inc.*, 186 F.3d 338, 345 (3d Cir. 1999) (stating "Rule 9(b) requires, at a minimum, that the plaintiff identify the speaker of allegedly fraudulent statements"). Moreover, Plaintiffs have not alleged any reliance by any of the named Plaintiffs on an alleged misrepresentation or omission. Therefore, Plaintiffs' common law fraud claims are dismissed.

### 2. Plaintiffs have not pled an actionable claim for violation of the Consumer Fraud Act (CFA)

"To state a cause of action under the Consumer Fraud Act, a plaintiff must allege: (1) an unlawful practice by the defendant; (2) an ascertainable loss by plaintiff; and (3) a causal nexus

between the first two elements – defendant's allegedly unlawful behavior and the plaintiff's ascertainable loss." *Parker v. Huber*, No. 07-2400, 2008 U.S. Dist. LEXIS 2570, *6 (D.N.J. Jan 14. 2008). Under the facts alleged in the Complaint, Plaintiffs have not plead a viable claim of violation of the CFA because they cannot establish the second element of the cause of action – ascertainable loss.

Courts in New Jersey have held that where a vehicle component has outperformed the warranty period, the plaintiff cannot meet the pleading requirements for an "ascertainable loss." *See Noble v. Porsche Cars North America*, No. 08-3658, 2010 U.S. Dist. LEXIS 14454, *337 (D.N.J. Feb. 19, 2010) ("In accordance with New Jersey law, this Court holds that a plaintiff cannot maintain an action under New Jersey's CFA when the only allegation is that the defendant "provided a part – alleged to be substandard – that outperforms the warranty provided."); *Duffy v. Samsung Elecs. Am., Inc.*, No. 06-5259, 2007 U.S. Dist. LEXIS 14792 (D.N.J. Mar. 2, 2007) ("[B]ecause Plaintiff's microwave continued to perform beyond the period in which Samsung was contractually bound to repair or replace any defective part, Plaintiff cannot maintain a CFA claim. To recognize Plaintiff's claim would essentially extend the warranty period beyond that to which the parties agreed."); *Perkins v. Daimler Chrysler Corp.*, 383 N.J. Super. 99, 112 (App. Div. 2006) (holding that "a claim that a defect may, but has not, manifested itself until after the expiration of the warranty period cannot form the basis for a claim under the CFA"). In addition, it is of no moment that Plaintiffs allege that Defendant concealed defects and allege safety concerns. Both *Duffy and Noble* found *Perkins* applicable and concluded that there was no ascertainable loss, where the plaintiffs allegedly concealed the defects and where safety concerns were alleged. *Noble*, 2010 U.S. Dist. LEXIS at *13-16; *Duffy*, 2007 U.S. Dist. LEXIS 14792, at *21-23. Plaintiffs cannot establish ascertainable loss.

Plaintiffs' CFA claims are dismissed.

### F.     Leave to Amend

When a defendant's motion to dismiss is granted, the court should "freely" provide the plaintiff with leave to amend its dismissed causes of action "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The Third Circuit has stressed that "[l]iberality is the keystone of [amending federal complaints] . . . [and] [u]nder [this] liberal pleading philosophy . . ., an amendment should be allowed whenever there has not been undue delay, bad faith on the part of the plaintiff, or prejudice to the defendant as a result of the delay." *Prof'l Cleaning and Innovative Bldg. Servs., Inc. v. Kennedy Funding, Inc.*, 245 Fed. Appx. 161, 165 (3d Cir. 2007) (internal quotation marks and citation omitted). A court may deny leave to amend a pleading, however, where any such amendment would prove futile. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (citation omitted). In this case, leave to amend would prove futile because Plaintiffs claims are time-barred. Accordingly, the Court declines to grant leave to amend.

### IV.    CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. Plaintiffs' Complaint is dismissed with prejudice. Consequently, Defendant's motion to decertify the class is denied as moot.

_____
PETER G. SHERIDAN, U.S.D.J.

March 14, 2011